

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.                       CRIMINAL ACTION NO: 2:11cr15

LERON J. FULLER,

    Defendant.

## ORDER

This matter comes before the court on defendant's Application to Proceed Without Prepayment of Fees and Affidavit and his Writ of Discovery, both filed April 20, 2011. As to the Application, this court **DENIES** the defendant's motion. As this case is a criminal case, there are no fees to be paid by the defendant, and in forma pauperis status does not apply at this trial stage, except for the appointment of counsel. To the extent that the defendant's application relates to a future civil case that he anticipates filing, this court has no authority to authorize the waiving of fees in the absence of an actual case in this court, and an in forma pauperis filing in that case.

As to the defendant's Writ of Discovery, there has been no agreed discovery order in this case. Therefore, it is proper for the court to order production of certain categories of evidence. As such, the court **ORDERS** that the United States timely disclose to the defendant evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Giglio, 405 U.S. 150 (1972), and the Jencks Act. Additionally, in his Writ, the defendant requests certain categories of evidence, many of which this court has already ruled on. In the magistrate judge's February 3, 2011, Order on the defendant's prior discovery motion, the court granted the defendant's request for:

1. The criminal information against him;

2. The names of the witnesses against him;

3. The security camera footage at the location of the incident from 11:00 a.m. - 12:00 p.m.;

4. A copy of the written complaint filed by the defendant and the date it was closed; and

5. A subpoena for Mr. Glenn Hawthorne.

The court denied the defendant's request for:

1. The "status" of all parties involved in this matter;

2. Any personal conduct complaints involving Officer E.T. Turner;

3. Subpoenas for Lt. Hyman and Officer E.T. Turner; and

4. All deposition requests.

On February 18, 2011, and March 1, 2011, the United States responded to the discovery order from the court, providing the defendant with a copy of his statement on the day of the incident, the names of the witnesses against him, and color photos of the scene. Additionally, the United States represented on March 10, 2011, in a status hearing before the court, that it had provided the defendant with a copy of the criminal information and that no copy of the security camera footage was provided because it did not record any of the incident.

The court stands by its earlier discovery order and does not reconsider the portions of the defendant's Writ that relate to the earlier discovery order. Furthermore, by ordering that Brady, Giglio, and "Jencks" material be provided to the defendant, the court has covered all of the defendant's outstanding, pertinent discovery requests. The court specifically denies all the defendant's requests for depositions, as this is a criminal case. If the defendant wishes to summons individuals as witnesses for trial, then he may so apply to the court, and he must provide a correct address for service of the summons.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant, his standby counsel, and the Assistant United States Attorney in Norfolk.

**IT IS SO ORDERED.**

                                            /s/
                                  Rebecca Beach Smith
                                  United States District Judge

                                  REBECCA BEACH SMITH
                                  UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 28, 2011