Prob 12A
(Mod. For E.VA 10/09)



**UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA**

U.S.A. vs. Leron J. Fuller     Docket No. 2:11CR00015-001

### Petition on Supervised Release

COMES NOW Tomas A. Ramirez, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Leron J. Fuller, who was placed on supervision by The Honorable Arenda L. Wright Allen sitting in the Court at Norfolk, Virginia, on the 4th day of October, 2011*, who fixed the period of supervision at ONE (1) YEAR, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

*Supervision began on February 1, 2012.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 27th day of August, 2012, and ordered filed and made a part of the records in the above case.

_____
Arenda L. Wright Allen
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8-22-12

_____
Senior U.S. Probation Officer

Place Norfolk, Virginia

**TO CLERK'S OFFICE**

OFFENSE: Obstruction of Justice, a Class A Misdemeanor.

SENTENCE: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FOUR (4) months; one year supervised release; and $25 special assessment.

SPECIAL CONDITIONS:

1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall pay for the support of his child in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

4. The defendant shall participate in an anger management program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid by the defendant as directed by the probation officer.

ADJUSTMENT TO SUPERVISION: Fuller's conditions of supervision were reviewed, signed, and received by him in this officer's presence on February 3, 2012. Fuller currently resides in Virginia Beach with his mother, is unemployed, and minimally participating in substance abuse treatment. Fuller's substance abuse treatment provider states that during his intake assessment conducted on July 16, 2012, "…his responses were brief, short, and abrupt. All attempts to engage him and diffuse his anger were thwarted by his ongoing paranoid ranting related to his charge, his faith, and summarily anyone who was attempting to intervene on his behavior. His presentation borders on paranoid and delusional, with thoughts of persecution, which may be the result of a more extensive mental health issue. He was so antagonistic that he was finally asked

to leave, as he was unable to hold a civil conversation." After being advised by his counselor on several occasions that if his attitude did not improve he would be terminated from treatment, his interactions have shown minor improvements. During his time on supervision Fuller's attitude has been rude and confrontational; ranging from his interactions with other probation officers attempting to collect urine samples from him to the Court Security Officers monitoring the front door of the Courthouse. Overall, Fuller's adjustment to supervision has been poor. He has failed to satisfactorily participate in mental health treatment, failed to work regularly, and submitted five urine samples which have tested positive for marijuana.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION:** **FAILURE TO SATISFACTORILY PARTICIPATE IN MENTAL HEALTH TREATMENT.**

From February 20, 2012, through July 25, 2012, Fuller was seen by the Peninsula Therapy Center for mental health/anger management services. During his assessment on February 20, 2012, Fuller acknowledged to his counselor that he had a problem with his anger and he would cooperate fully with recommendations should they involve counseling for anger problems. However, during his initial session on March 14, 2012, Fuller assumed the position that he was being "forced" by the probation office to attend counseling, rigidly denied any anger issues, assumed a victim stance, and insisted that his rights were violated by the events surrounding the instant offense. Fuller's counselor advised that during a session on July 25, 2012, Fuller continued to deny anger problems and stated he was only coming to the sessions under "threat and duress" from the probation office. The counselor further stated that at times they would sit through sessions for up to forty-five minutes in silence due to Fuller's reticence to discuss any anger issues/problems. Fuller repeatedly stated that he does not have an anger problem and is not motivated to change any of his beliefs. As a result, Fuller was discharged due to his lack of motivation.

**CONDITION 5:** **FAILURE TO WORK REGULARLY.**

Despite being able bodied and of at least average intelligence, Fuller has failed to secure stable employment since the inception of supervision.

**Petition on Supervised Release**
Page 4
RE: FULLER, Leron J.

**CONDITION 7:**            **POSSESSION OF MARIJUANA.**

On July 2, 2012, Fuller submitted a urine sample which tested and was confirmed positive for marijuana. During an office visit on July 10, 2012, Fuller admitted to smoking approximately two marijuana joints on or about July 1, 2012. Fuller signed an Admission of Use form for same.

On July 10, 2012, Fuller submitted a urine sample which tested and was confirmed positive for marijuana. On July 23, 2012, when confronted, Fuller stated that he had not used marijuana since on or about July 1, 2012, and it must be residual.

On July 19, 2012, Fuller submitted a urine sample which tested and was confirmed positive for marijuana. On July 23, 2012, when confronted, Fuller stated that he had not used marijuana since on or about July 1, 2012.

On July 30, 2012, Fuller submitted a urine sample which tested and was confirmed positive for marijuana. On August 6, 2012, when confronted, Fuller stated that he had not used marijuana since on or about July 1, 2012.

On August 9, 2012, Fuller submitted a urine sample which tested and was confirmed positive for marijuana. When confronted on August 20, 2012, Fuller again denied using marijuana since July 1, 2012.

The provisions of 18 U.S.C. 3583(g)(4) apply to this violation.

TAR/jmh